[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS #114 MOTION FOR ORDER AND APPLICATION #117
On August 4, 1998, the third-party defendant, Maruyama Manufacturing Co., Inc. (Maruyama), moved to dismiss the third party complaint of the third-party plaintiff, Chain Saws Unlimited (Chain Saws), on the grounds of insufficient service of process. Maruyama asserts that it was not served with process in the manner required by the Hague Convention before the return date of July 7, 1998. On September 2, 1998, Chain Saws objected to Maruyama's motion to dismiss and filed a motion for order and application pursuant to Connecticut General Statutes § 52-59d
on the grounds that Maruyama concealed its identity until it was too late to obtain service of process under the rules of the Hague Convention within the applicable statute of limitations period. Chain Saws requests the court to deny Maruyama's motion to dismiss and to grant relief under § 52-59d (b) CT Page 3988
This case is a product liability case concerning an injury allegedly caused by a Husqvarna clearing saw which was manufactured by the defendant, Husqvarna Forest Garden Co., and sold by Chain Saws Unlimited. Under C.G.S. § 52-577a (b), a complaint against a third party who may be liable to the claimant must be served within one year from the date the original action is returned to the court. In this case, the original cause of action was returned to the court on June 4 1997.
Chain Saws asserts that Husqvarna knew in August of 1997 that the clearing saw and blade were manufactured by a foreign manufacturer, but didn't advise Chain Saws of that fact until February of 1998 and that Husqvarna, thereafter, refused to disclose the name and address of the foreign manufacturer. On April 24, 1998, Chain Saws filed a motion to compel immediate responses to discovery requests, requesting an order that Husqvarna answer Chain Saws interrogatories and production requests identifying the manufacturers of the metal blade in the motorized clearing saw involved in this case. On May 1, 1998, Chain Saws filed a motion to implead Maruyama. The court granted the motion on May 11, 1998 and ordered service upon Maruyama. Chain Saws commenced service of process in two fashions. First, as required by the Hague Convention, Chain Saws sent the relevant documents to be translated into Japanese and then delivered them to the sheriff who forwarded them to the Japanese Central Authority who in turn forwarded the papers to the Japanese District Court who served them upon Maruyama. Under this method of service, Maruyama was served on July 29, 1998. Second, Chain Saws forwarded a second copy of the translated papers to the sheriff who served them by Federal Express directly upon Maruyama. Maruyama received these papers on July 1, 1998. The return date on the third-party complaint was July 7, 1998. Counsel for Maruyama filed an appearance on July 6, 1998.
Connecticut General Statutes § 52-59d provides:
 (a) Notwithstanding any provision of the general statutes relating to service of process, civil process shall not be served outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process Abroad.
 (b) If service of process cannot be made under the applicable treaty or convention within sixty days, the superior court CT Page 3989 may, upon application, order service of process upon such terms as the court deems reasonably calculated to give the defendant actual notice of the proceedings in sufficient time to enable the defendant to defend.
Maruyama contends that an application under § 52-59d (b) must be made prior to the expiration of the date upon which service is to be completed, in other words, within the 60 days prior to the return date. This court disagrees.
Section § 52-59d was passed because it may not be possible for a party to comply with Connecticut's procedures for service and dates for return of process while also complying with service of process under the Hague Convention. Robillard v. AsahiChemical Industry Co., Ltd., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539213 (November 7, 1995, Corradino, J.). There is nothing in the legislative history which would indicate the legislature intended application under § 52-59d (b) to be limited to 60 days prior to the return date of a summons nor does the language of the statute lead to Maruyama's contention. "This statute says three things important to a resolution of this case. First, as Volkswagonwerk v. Schlunk
[486 U.S. 694 (1988)] dictates the liberal goals sought to be achieved by the [Hague] Convention shall not be defeated by local rules of service of process, and the statute as it must, recognizes this. Secondly, for the state courts to effectively comply with these goals given our statutes, the courts must have flexibility in setting the appropriate return date. And, thirdly, the aim of the whole exercise is to ensure that the relief the state court gives under subsection (b) is aimed at giving a defendant `actual notice of the proceedings in sufficient time to enable the defendant to defend.'" Id. "[G]iven the practical problems presented in effectuating service under the Convention on a distant foreign corporation, the courts should be liberal in granting extensions of the return date to accomplish that service and to allow actions to be commenced here in a reasonable manner." Id. Considering the broad purposes of the Hague Convention, the requirements of the Supremacy Clause and the fact that § 52-59d (b) itself makes the courts power dependent on considerations of actual notice and actual prejudice to the right to defend, the court in Robillard found that there had been no showing of actual prejudice and granted an extension of the return date. Id.
This court finds that there is no prejudice to Maruyama in CT Page 3990 extending the return date. Maruyama has received actual notice of this action against it twice. In fact, counsel for Maruyama filed an appearance on July 6, 1998, before Maruyama was served pursuant to the Hague Convention and before the return date of July 7, 1998. Maruyama's ability to defend itself in our courts will not be affected by an extension of the return date because counsel for Maruyama has already appeared to defend it.
Given that § 52-59d (b) should be applied liberally and there has been no actual prejudice shown because Maruyama received actual notice and has appeared to defend itself, the court grants a 90 day extension of the return date of July 7, 1998. Since service of process under the Hague Convention was completed on July 29, 1998 and notice of completed service was received by Chain Saws on September 15, 1998, service of process upon Maruyama of the third party complaint was proper and Maruyama's motion to dismiss on the ground of insufficient service of process is hereby denied.
SANDRA VILARDI LEHENY, J.